

PMC/RMY USA0#2013r00145

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. JKB-13-084 |
| v. | : |
| | : (Conspiracy Against Rights, 18 U.S.C. § |
| TYSON HINCKLE, | : 241; Deprivation of Rights, 18 U.S.C. § |
| MICHAEL MORGAN, | : 242; Conspiracy, 18 U.S.C. § 371; |
| REGINALD MARTIN, | : Tampering with a Witness, 18 U.S.C. § |
| EDWIN STIGILE, and | : 1512; Destruction of Records, 18 U.S.C. |
| JOSH HUMMER, | : § 1519; Aiding and Abetting, 18 U.S.C. § |
| | : § 2) |
| Defendants. | : UNDER SEAL |

...oOo...

## INDICTMENT

## COUNT ONE
### (Conspiracy Against Rights)

The Grand Jury for the District of Maryland charges that:

### Introduction

1.      At all times relevant to this indictment, the Roxbury Correctional Institution ("RCI")

in Hagerstown, Maryland, was a Maryland Division of Correction facility that housed inmates

convicted of state crimes. RCI had housing units and an area for segregation cells, commonly known

as "ASIA."

2.      Defendant **EDWIN STIGILE** was a Lieutenant at RCI.

3.      Defendant **JOSH HUMMER** was a Sergeant at RCI.

4.      Defendant **TYSON HINCKLE** was a Correctional Officer at RCI.  On March 9,

2008, defendant **HINCKLE** was assigned to a post in ASIA.

5.      Defendants **MICHAEL MORGAN** and **REGINALD MARTIN** were Correctional

Officers at RCI.  On March 9, 2008, defendants **MORGAN** and **MARTIN** were assigned to Housing Unit 5.

6.    KD was an inmate incarcerated at RCI on March 8-9, 2008.

7.    On March 8, 2008, KD assaulted Correctional Officer TM.

8.    After this incident, KD was escorted to the medical unit and, later, was moved to a single-occupant cell in ASIA.

9.    On March 9, 2008, the defendants entered on duty at the start of the 7 a.m. to 3 p.m. ("day") shift at RCI.

### The Charge

10.    Paragraphs 1-9 are hereby incorporated by reference into the counts set forth below.

On or about March 9, 2008, in the District of Maryland, defendants

**TYSON HINCKLE,**
**MICHAEL MORGAN,**
**REGINALD MARTIN,** and
**EDWIN STIGILE,**

willfully combined, conspired, and agreed with one another, and with other persons known and unknown to the grand jury, to injure, oppress, threaten, and intimidate inmate KD in the free exercise and enjoyment of rights secured to him by the Constitution and laws of the United States; namely, the right not to be subjected to cruel and unusual punishment.

### Plan and Purpose of the Conspiracy

11.    It was the plan and purpose of the conspiracy that defendants **HINCKLE, MORGAN,** and **MARTIN,** aided and abetted by each other and by other officers known to the grand jury, would assault and injure KD, to punish him for a prior incident involving Correctional Officer TM, and to

send a message to other inmates at RCI. To achieve the object of the conspiracy, defendants agreed that officers would assault KD in his cell in ASIA.

### Overt Acts

12.    In furtherance of the conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed the following overt acts, among others, at RCI in the District of Maryland:

a.    On or about March 9, 2008, defendants **HINCKLE**, **MORGAN**, and **MARTIN**, along with other officers known and unknown to the grand jury, gathered for roll call, where they were advised by a supervisor that an inmate who had assaulted an officer was now being held in ASIA. Around that same time, defendant **STIGILE** talked to another supervisor about sending officers to assault KD.

b.    Defendants **MORGAN** and **MARTIN** met in Housing Unit 5 with officers known and unknown to the grand jury, and agreed to travel to ASIA to assault KD in retaliation for the prior incident involving Officer TM.

c.    Defendants **MORGAN** and **MARTIN**, along with Officer DN and another officer known to the grand jury, traveled by vehicle to ASIA.

d.    After defendants **MORGAN** and **MARTIN** met in ASIA with defendant **HINCKLE** and other officers known to the grand jury, Officer RL opened the door to KD's cell, and defendants **HINCKLE**, **MORGAN**, and **MARTIN** entered the cell along with Officer DN and another officer known to the grand jury.

e.    Defendants **HINCKLE**, **MORGAN**, and **MARTIN**, along with Officer DN and another officer known to the grand jury, assaulted KD. Officers punched and kicked KD in the head

3

and body, even though KD was inside a single-occupant cell and did not pose a threat to anyone.

18 U.S.C. § 241

## COUNT TWO
### (Deprivation of Rights)

The Grand Jury for the District of Maryland further charges:

1.      Paragraphs 1 through 9 of Count One are realleged and incorporated by reference herein.

2.      On or about March 9, 2008, in the District of Maryland, defendants

### TYSON HINCKLE,
### MICHAEL MORGAN, and
### REGINALD MARTIN,

while acting under color of law, and while aided and abetted by each other, willfully deprived KD of the right, protected and secured by the Constitution and laws of the United States, not to be subjected to cruel and unusual punishment.  Specifically, the defendants, aided and abetted by each other and by officers known to the grand jury, assaulted KD inside his cell, resulting in bodily injury to KD.


18 U.S.C.§§ 242 and 2

## COUNT THREE
### (Deprivation of Rights)

The Grand Jury for the District of Maryland further charges:

1.      Paragraphs 1 through 9 of Count One are realleged and incorporated by reference herein.

2.      On or about March 9, 2008, in the District of Maryland, defendant

### JOSH HUMMER,

while acting under color of law and while aided and abetted by others known and unknown to the grand jury, willfully deprived KD of the right, protected and secured by the Constitution of the United States, not to be subjected to cruel and unusual punishment.  Specifically, defendant **HUMMER** knew of a staff assault against inmate KD and willfully failed to intervene to stop the assault, resulting in bodily injury to KD; additionally, defendant **HUMMER** saw KD after the assault, injured and in clear need of medical care, and willfully failed to secure medical attention for KD, thereby acting with deliberate indifference to a substantial risk of harm to KD, and resulting in bodily injury to KD.


18 U.S.C. §§ 242 and 2

## COUNT FOUR
### (Conspiracy)

The Grand Jury for the District of Maryland further charges:

1.   Paragraphs 1 through 9 of Count One are realleged and incorporated by reference herein.

2.   From on or about March 9, 2008, through at least October 22, 2012, in the District of Maryland, defendants

**EDWIN STIGILE,**
**JOSH HUMMER,**
**TYSON HINCKLE,**
**REGINALD MARTIN, and**
**MICHAEL MORGAN,**

willfully combined, conspired, and agreed with each other and with others known and unknown to the grand jury to commit the following offenses against the United States, as charged in the remaining counts of the indictment and incorporated herein:

a.   to knowingly alter and destroy a tangible object with intent to impede, obstruct, and influence the investigation and proper administration of a matter within federal jurisdiction, and in relation to and in contemplation of such a matter, in violation of Title 18, United States Code, Section 1519; and,

b.   to knowingly engage in misleading conduct toward another person with intent to hinder, delay, and prevent the communication of truthful information to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

### Plan and Purpose of the Conspiracy

3.    It was the plan and purpose of the conspiracy that defendants **STIGILE, HUMMER,**

**HINCKLE, MARTIN,** and **MORGAN** would provide false and misleading information about the

March 9, 2008, beating of KD, and would omit other information in order to hide the involvement

of day shift officers in the injuries KD suffered, and thereby shield the day shift officers from

liability. It was further the plan and purpose of the conspiracy that the officers involved in the cover-

up would provide false and misleading statements when questioned about the events surrounding

the infliction of KD's injuries. It also was the plan and purpose of the conspiracy to obstruct any

investigation.

### Overt Acts

4.    In furtherance of the conspiracy, and to effect the objects thereof, the members of the

conspiracy committed one or more of the following overt acts, among others, in the District of

Maryland:

a.    On or about March 9, 2008, defendant **STIGILE** entered ASIA after the day shift

assault, gathered surveillance recordings related to the assault on KD, and told defendant **HINCKLE**

and Officer RL that he was taking care of the issue.

b.    On or about March 9, 2008, defendant **STIGILE** used a magnetic device to tamper

with and destroy video footage related to RCI officers' assault on KD.

c.    Defendants **HINCKLE, MORGAN, MARTIN,** and **HUMMER** failed to write

and submit use of force reports as required by RCI policy and procedure.

d.    Defendants **STIGILE** and **HUMMER,** as well as other officers, made false and

misleading statements and omissions to investigators in an attempt to conceal the fact that

supervisors had been aware of, and involved in, misconduct in ASIA.  Defendant **HINCKLE**
directed other officers to provide false and misleading information in order to cover up supervisory
knowledge of, and involvement in, misconduct in ASIA.

      e.     Defendants **HINCKLE**, **MORGAN**, and **MARTIN** met inside RCI and at another
location with other officers known and unknown to the grand jury to discuss covering up their
involvement in the assault on KD.

      f.     On or about April 3 and 7, 2008, defendant **HUMMER** provided state investigators
with false and misleading statements regarding RCI staff's involvement in KD's injuries.

      g.     On or about December 10, 2008, and again on January 20, 2009, defendant **HUMMER**
testified in administrative proceedings, and provided false and misleading testimony related to RCI
staff's involvement in KD's injuries.

      h.     On or about September 24 and 25, 2012, defendant **STIGILE** provided federal
authorities with false and misleading statements related to RCI staff's involvement in KD's injuries
and the cover-up that followed.

      i.     On or about October 22, 2012, defendant **HUMMER** provided federal investigators
with false and misleading statements about his knowledge related to RCI staff's involvement in
KD's injuries and the cover-up that followed.

18 U.S.C. § 371

## COUNT FIVE
### (Destruction of Records)

The Grand Jury for the District of Maryland further charges:

1.    Paragraphs 1 through 9 of Count One are realleged and incorporated by reference herein.

2.    On or about March 9, 2008, in the District of Maryland,

### EDWIN STIGILE,

knowingly altered and destroyed evidence related to RCI officers' unlawful assault on KD, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the FBI and the Department of Justice, agencies of the United States, and in relation to and in contemplation thereof.  Specifically, defendant **STIGILE** used a magnetic device to alter and destroy surveillance video footage related to RCI officers' assault on KD.


18 U.S.C. § 1519

10

## COUNT SIX
### (Tampering with a Witness)

The Grand Jury for the District of Maryland further charges:

1.      Paragraphs 1 through 9 of Count One are realleged and incorporated by reference herein.

2.      On or about April 3 and 7 of 2008, in the District of Maryland, defendant

### JOSH HUMMER,

knowingly engaged in misleading conduct towards an investigator with the Maryland State Police with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 through 3.  Specifically, defendant **HUMMER** provided a false and misleading description of the conduct of defendant **HINCKLE**, and falsely denied knowledge of an RCI staff assault on KD.


18 U.S.C. § 1512(b)(3)

## COUNT SEVEN
### (Tampering with a Witness)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs 1 through 9 of Count One are realleged and incorporated by reference herein.

2. On or about December 10, 2008, and again on January 20, 2009, in the District of Maryland, defendant

### JOSH HUMMER,

knowingly engaged in misleading conduct towards an administrative judge with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 through 3. Specifically, defendant **HUMMER** testified during administrative proceedings and provided a false account of his observations and actions in ASIA at or around the time of the day shift assault on KD. Defendant **HUMMER** falsely denied being part of a cover-up of staff misconduct in ASIA; falsely denied seeing an RCI officer in ASIA doing anything inappropriate; falsely denied seeing anything wrong with KD; and provided a false description of the conduct of RCI officers in ASIA.

18 U.S.C. § 1512(b)(3)

12

Rod J. Rosenstein
United States Attorney

Thomas E. Perez
Assistant Attorney General
Civil Rights Division
United States Department of Justice

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date:   February 26, 2013

13