UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES DISTRICT JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-0070 FAX

June 25, 2013

TO ALL COUNSEL OF RECORD

RE:   *USA v. Kalbflesh, et al.*, Criminal No. JKB-13-0083  ✔
      *USA v. Hinckle, et al.*, Criminal No. JKB-13-0084
      *USA v. Harvey, et al.*, Criminal No. JKB-13-0102

On July 2, 2013, the Court will hold a hearing to address the Government's motion for a protective order and Defendants' *Garrity*-related joint motion to dismiss the indictments. In light of the fact that neither the Government's trial team nor Defendants' counsel are familiar with the substance of the statements at issue, the Court will limit the scope of the July 2 hearing to two issues: (1) whether Defendants' statements were compelled; and (2) the necessity and scope of a protective order concerning any compelled statements. The Court will determine whether a *Kastigar* hearing is necessary once it has resolved these issues.

At the July 2 hearing, the Court will address the voluntariness of all of the statements identified by the Government in its supplemental memorandum in support of its motion for a protective order (*Hinckle*, Crim. No. JKB-13-0084, ECF No. 76), as well as any additional statements identified by Defendants. At the hearing, "a [D]efendant raising a coerced-confession claim under the Fifth Amendment must first prevail in a voluntariness hearing before his confession and evidence derived from it become inadmissible." *See Kastigar v. United States*, 406 U.S. 441, 461-62 (1972). If he does so, the Government has the "burden of showing that their evidence is not tainted" at a *Kastigar* hearing. *Id.* All parties must present their evidence bearing on the question of compulsion at the July 2 hearing.

Once the Court has ruled on whether each statement was compelled, the Court will address at the July 2 hearing the Government's motion for a protective order restricting the use and dissemination of any compelled statements. Immediately after the July 2 hearing, the Government will be expected to produce any statements that were not compelled, as required by

the Federal Rules of Criminal Procedure and other relevant authority. In addition, any compelled statements must be produced, unredacted, to counsel for the Defendant that made the statement and to counsel for any other Defendants that the statement might tend to exculpate, as required by *Brady*. However, the Court's expectation is that, after the July 2 hearing and before *any* production, it will enter a *temporary* protective order prohibiting Defendants' counsel from sharing any unredacted, compelled statements with anyone or using them in any way without pre-clearance from the Court, except that counsel may show their clients their own statements upon admonishing them that they are not to further share the statement on pain of potential waiver of *Garrity* and other rights. Defendants will not be permitted to possess copies of their own statements, except in the immediate presence of their counsel. At the July 2 hearing, or immediately thereafter, the Court will enter a deadline for Defendants to notify the Court of a claimed right and need to use or disseminate the compelled statements. All such notifications will be addressed at a subsequent hearing, also to be scheduled at the July 2 hearing. At the subsequent hearing, the parties and the Court will be prepared to discuss the substance of the relevant statements and their implications, including the necessity of a permanent protective order and the possibility of severance of the trials of certain Defendants.[1] The Court's temporary protective order will expire after the second hearing, at which time the Court may, as discussed, enter a permanent protective order if it deems further protections necessary and lawful.

After the Court has resolved the Government's motion for a protective order and determined whether it will order any permanent limitations on Defendants' uses and dissemination of any compelled statements, the Court will determine whether it would be most efficient to hold a joint *Kastigar* hearing or individual *Kastigar* hearings for each group of Defendants that will proceed to trial. At any *Kastigar* hearing(s), the Government will be required to meet its burden of establishing by a preponderance that "the evidence it proposes to use is derived from a legitimate source wholly independent of [any] compelled testimony." *Kastigar*, 406 U.S. at 460.

Despite the informal nature of this letter, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly. Counsel are to treat it as the roadmap going forward unless and until it is altered by a subsequent Order of the Court. Further, counsel are urged to recognize the complexity of the proceedings that lie before us and the fact that firm trial dates have been set. The Court fully expects to complete the necessary pretrial proceedings before the

---

[1] The Court recognizes that the Government may choose to have its filter team attend this hearing in order to continue to insulate its trial team from the substance of any compelled statements.

2

scheduled trial dates.  Counsel should expect to be available for further hearings and proceedings at relatively short notice.

Very truly yours,

James K. Bredar
United States District Judge

JKB/jh