IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NOs. JKB-13-084 |
| | * | JKB-13-102 |
| TYSON HINCKLE, et.al., | * | |
| ROBERT HARVEY, et.al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*

REPLY TO DEFENDANTS' RESPONSE TO GOVERNMENT'S
PROPOSED *KASTIGAR* HEARING PROCEDURE

The United States of America, by and through its undersigned counsel, hereby replies to defendants Hinkle, Hummer, Martin, Morgan, and Stigile's response to the Government's proposed procedure in the October 21, 2013, *Kastigar* hearing.  The defendants request that the United States be ordered to provide them with a list of all witnesses it intends to call at trial.  The United States objects to this proposal and respectfully requests that the Court deny it because the defendants have already been provided the information to which they are entitled, namely the names of key witnesses.  Additionally, the United States also responds herein to the issue of "taint" and notes that the procedure proposed earlier adequately addresses the issue.

The defendants argue that the simple possibility of taint requires the United States to submit its witness list for their review.  This case involves the alleged beating of a prisoner and the subsequent cover-up.  There is a limited universe of relevant witnesses, and these witnesses have been identified in the discovery provided to date, which includes FBI 302's and grand jury transcripts, as well as in the factual bases from the guilty pleas of other defendants, and the affidavit filed with the United States' Response to the Defendants' Request for a *Kastigar*

Hearing. [Dkt. 72]  A list of the witnesses the government may produce at trial will do little more than organize the materials already in the defendant's possession, and would place the government's prosecution strategy on display.  This will not provide any legitimate aid to the defendants and will not further the Court's analysis.

The defendants also suggest that the government's proposed procedure is incomplete in that it does not account for witnesses being "tainted" by compelled statements.  However, the question is not simply whether witnesses were exposed to compelled statements, but whether this information could have been used by the government or helped it derive additional evidence.  *United States v. Bolton*, 977 F.2d 1196, 1199 (7th Cir. 1992) (noting that, even if it had reached the merits of allegation that prosecution was tainted by immunized grand jury testimony, defendant's argument was unlikely to succeed where the testimony consisted wholly of exculpatory denials that would have had little value to the prosecution); *United States v. Byrd*, 765 F.2d 1524, 1531 (11th Cir. 1985) (noting that privilege against self-incrimination only implicated where immunized statements could be of *evidentiary* use to the prosecution).

Thus, taint is only relevant to the extent there are any pieces of information in a defendant's compelled statements for which there is no independent source and that actually could have been used against that defendant.  If the Court concludes that, for a particular defendant, all of the *useful* information was available from some independent source, it can stop its *Garrity* inquiry as there would be no information that could have "tainted" a witness.  *See Welsh v. Holt*, 78 F.3d 580 at *3 (4th Cir. 1996) (unpublished) (noting that trial court did not err by not requiring government to identify each trial exhibit and trial witness because a court must undertake a particularized *Kastigar* analysis "only if [the court] finds it *necessary* in deciding whether the government carried its burden by a preponderance of the evidence.").

If there are, in fact, any unaccounted for, useful pieces of information in a compelled statement, the government will offer witnesses who could have been exposed to this information. These witnesses can then testify whether those specific pieces of information somehow led to other evidence or affected their testimony. The defendant whose compelled statement contained the relevant information will then have ample opportunity to examine these witnesses and investigate whether they were unduly influenced by the information from his compelled statement.

Respectfully submitted:

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

_____/s/_____
BETSY BIFFL

ALI AHMAD

Trial Attorneys
U.S. Department of Justice
Civil Rights Division, Criminal Section
601 D Street NW, Fifth Floor
Washington, DC 20579
(202) 514-3204
(202) 514-8336 FAX
Ali.Ahmad@usdoj.gov
Betsy.Biffl@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on September 20, 2013, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  The parties may access this filing through the Court's system.

                Respectfully submitted,

                _____/s/_____
                Ali Ahmad
                Trial Attorney
                U.S. Department of Justice
                Civil Rights Division, Criminal Section
                601 D Street, N.W., Fifth Floor
                Washington, D.C.  20579
                (202) 353-8466
                (202) 514-8336 fax
                Ali.Ahmad@usdoj.gov